IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| v. | : | 3:16-CR-60 |
| | : | 3:20-CV-1062 |
| JEREMY WEST | : | (JUDGE MARIANI) |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Presently before the court for disposition is Defendant Jeremy West's *pro se* motion and counseled supplemental motion to correct sentence under 28 U.S.C. § 2255 based on *United States v. Davis*, 139 S. Ct. 2319 (2019). (Docs. 70, 72). For the reasons stated herein, Defendant's motions will be denied and no certificate of appealability will issue.

### I. PROCEDURAL HISTORY

Defendant was originally charged with various federal crimes through the filing of a criminal complaint on February 12, 2015. (Doc. 1). On March 22, 2016, Defendant waived indictment by a grand jury and pleaded guilty to a three-count information filed against him on March 15, 2015. (Docs. 35, 42). Specifically, Defendant pleaded guilty to the following charges: using, carrying, and brandishing a firearm during and in relation to a crime of violence (armed bank robbery), in violation of 18 U.S.C. §§ 924(c) and 2 ("Count 1"); armed bank robbery by force, violence and intimidation in violation of 18 U.S.C. §§ 2113(d), 2 and *Pinkerton v. United States*, 328 U.S. 640 (1946) ("Count 2"); and robbery involving controlled substances by force, violence and intimidation in violation of 18 U.S.C. §§

2118(a), 2, and *Pinkerton* ("Count 3"). (Doc. 45). On January 6, 2017, the Court sentenced Defendant to a 126 month-term of imprisonment, which comprised of the following: 42 months' imprisonment with respect to Counts 2, and 3, to run concurrently; and eighty-four (84) months with respect to Count 1, to run consecutively to Counts 2, and 3. (Doc. 66).

On March 25, 2020, Defendant filed a *pro se* motion entitled "Motion in support of Petitioner's Application for Habeas Corpus Relief pursuant [to] 28 U.S.C. § 2241" based on the application of *United States v. Davis*, 139 S. Ct. 2319 (2019).[1] (Doc. 70). The Court then issued Standing Order 19-08 on March 30, 2020, which appointed the Federal Public Defender's Office ("F.P.D.O.") to represent Defendant. (Doc. 71). Defendant subsequently filed a counseled supplemental motion to correct sentence under 28 U.S.C. § 2255 on June 24, 2020. (Doc. 72).

The Government filed a brief in opposition on August 23, 2020, to which Defendant filed a reply on September 1, 2020. (Docs. 74, 75). Having been fully briefed, Defendant's motions are now ripe for review.

## II. JURISDICTION

As Defendant brings his motion under 28 U.S.C. § 2255, the Court has jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The Court also has

---

[1] The Court liberally construes this filing as a motion to vacate or correct sentence pursuant to 28 U.S.C. § 2255.

2

jurisdiction pursuant to 28 U.S.C. § 2241 ("Writs of habeas corpus may be granted by . . . the district courts[.]").

### III. STANDARD OF REVIEW

A federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final, move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A federal prisoner may also file a § 2255 motion within one year from "[t]he date on which the right asserted was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). A § 2255 motion may attack a federal prisoner's sentence on any of the following grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255(b).

Section 2255 does not, however, afford a remedy for all errors that may have been made at trial or sentencing. *United States v. Essig*, 10 F.3d 968, 977 n.25 (3d Cir. 1993). Rather, § 2255 permits relief for an error of law or fact constituting a "fundamental defect which inherently results in complete miscarriage of justice." *United States v. Eakman*, 378 F.3d 294, 298 (3d Cir. 2004) (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

If the court determines that the sentence was not authorized by law, was unconstitutional, or is otherwise open to collateral attack, the court may vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate. *See* 28 U.S.C. § 2255(b).

Generally, the petitioner bears the burden of proof in § 2255 proceedings. *See United States v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977). However, in cases that involve predicate offenses supporting a petitioner's career offender status, courts have determined that the burden remains with the government to show the validity of the career offender designation. *United States v. Harris*, 205 F. Supp. 3d 651, 662 (M.D. Pa. 2016); *United States v. Evans*, No. 02–CR–1, 2015 WL 9480097, at *2 (W.D. Pa. Dec. 29, 2015).

## IV. ANALYSIS

In his Section 2255 motions, Defendant seeks to vacate his conviction and consecutive mandatory minimum sentence under 18 U.S.C. § 924(c). (Docs. 70, 72). Under Section 924(c)(1)(A), enhanced punishments apply for any individual who uses, carries, brandishes, or discharges a firearm "during and in relation to any crime of violence." The length of the mandatory minimum sentence depends on whether the defendant uses, carries, or possesses the firearm (5 years); brandishes the firearm (7 years); or discharges the firearm (10 years). 18 U.S.C. § 924(c)(1)(A)(i)-(iii). The law further defines a "crime of violence" as a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another or; (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used

in the course of committing the offense." 18 U.S.C. § 924(c)(3). "These clauses are known as the 'elements clause' and the 'residual clause,' respectively." *United States v. Robinson*, 844 F.3d 137, 141 (3d Cir. 2016).

On June 24, 2019, the Supreme Court held that the residual clause of Section 924(c) was unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Defendant thus argues that, following *Davis*, his conviction as to Count 1 cannot rest on the residual clause of Section 924(c); rather, it can only stand if predicated on a crime of violence under the elements clause. (Doc. 72, at 3-4). Defendant further claims that, pursuant to the categorical approach,[2] either aiding and abetting armed bank robbery or armed bank robbery based on *Pinkerton* liability[3] form the basis of his Section 924(c) conviction. (*Id.* at 7). As Defendant contends that neither of these offenses categorically

---

[2] Defendant argues, and the Government does not appear to contest, that the categorical approach applies here because Count 2 charged him in the alternative. (Doc. 72, at 6; Doc. 74, at 18). Under the categorical approach, courts "compare the elements of the statute under which the defendant was convicted to the [§ 924(c)] definition of 'crime of violence.'" *United States v. Johnson*, 899 F.3d 191, 203 (3d Cir. 2018) (citing *United States v. Wilson*, 880 F.3d 80, 83 (3d Cir. 2018)). In making this determination, courts must "look only to the statutory definitions—i.e., the elements—of a defendant's . . . offense, and not to the particular facts underlying the conviction." *United States v. Lewis*, 720 F. App'x 111, 114 (3d Cir. 2018), *cert. denied*, 138 S. Ct. 2013 (2018) (quoting *United States v. Chapman*, 866 F.3d 129, 134 (3d Cir. 2017)). "A crime is only a 'crime of violence' if 'the least culpable conduct hypothetically necessary to sustain a conviction under the statute' meets the definition." *Id.* (citing *Wilson*, 880 F.3d at 84).

[3] Under the *Pinkerton* doctrine, derived from the Supreme Court's holding in *Pinkerton v. United States*, 328 U.S. 640, 646-47, a defendant "may be held responsible for the substantive crimes committed by a co-conspirator in furtherance of the conspiracy, even if [he] neither participates in the crimes nor has any knowledge of them." *United States v. Gonzales*, 918 F.2d 1129, 1135 (3d Cir. 1990) (citing *Pinkerton*, 328 U.S. at 646-47).

5

constitute crimes of violence under Section 924(c)(3)(A), he moves the Court to vacate his conviction on Count 1 and re-sentence him on Counts 2 and 3. (*Id.* at 7-11, 15).

In response, the Government argues that Defendant's armed robbery conviction—regardless of whether based on his involvement as a principal,[4] aider and abettor, or vicariously liable co-conspirator—qualifies as a predicate crime of violence for the purpose of his Section 924(c) conviction. (Doc. 74, at 15-20). Specifically, the Government contends that "aiding and abetting is not a separate crime [under 18 U.S.C. § 2], but rather a theory of liability" that courts recognize as "merely a means of committing an offense." (*Id.* at 9, 12). The Government similarly asserts that the *Pinkerton* doctrine establishes a theory of liability based on vicarious co-conspirator liability. (*Id.* at 19). The Government therefore submits that Defendant's conviction for armed bank robbery still constitutes a crime of violence pursuant to the categorical approach post-*Davis*. (*Id.* at 2).

Upon review, the Court agrees with the Government. Although the Third Circuit has yet to rule on the issue in a precedential opinion, several courts have determined that an armed robbery conviction, even if predicated on an aiding and abetting or *Pinkerton* theory of liability, amounts to a crime of violence under the elements clause of Section 924(c). *See United States v. McKelvey*, 773 F. App'x 74, 75 (3d Cir. 2019) (explaining that, in the context of Hobbs Act robbery, "[a]iding and abetting is not a separate crime, but rather 'an

---

[4] Defendant concedes that the United States Court of Appeals for the Third Circuit has held that bank robbery is a crime of violence under the elements clause of Section 924(c). (Doc. 72, at 7, n.6); *United States v. Wilson*, 880 F.3d 80 (3d Cir. 2018); *United States v. Johnson*, 899 F.3d 191 (3d Cir. 2018).

6

alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense.'") (citations omitted); *United States v. Green*, No. 1:11-CR-361, 2020 WL 5939161, at *5 (M.D. Pa. Oct. 7, 2020) (holding that armed robbery conviction was a crime of violence because "[s]ection 924(c)'s elements clause does not differentiate between principal, aider and abettor, and vicariously liable coconspirator."); *Dupree v. United States*, No. 1:08-CR-00170, 2020 WL 1984317, at *6 (M.D. Pa. Apr. 27, 2020) (holding that, even if the defendant's underlying crime of violence rested on "aiding and abetting armed bank robbery, that offense . . . constitutes a predicate crime of violence sufficient to support a Section 924 (c) conviction. . . ."); *United States v. Henry*, --- F.3d ----, 2021 WL 46204, at *9 (9th Cir. Jan. 6, 2021) (noting that the holding in *Davis* "does not conflict with or undermine the cases upholding § 924(c) convictions based on *Pinkerton* liability."); *United States v. Walker*, 830 F. App'x 12, 15 (2d Cir. 2020) ("Even if the jury found [defendant] guilty of the robberies under a *Pinkerton* theory of liability, it is still the case that the substantive crime of armed robbery on which the firearms charge was predicated 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'") (quoting 18 U.S.C. § 924(c)(3)(A)). Finding no reason to depart from the rationale supporting these decisions, the Court thus finds that both aiding and abetting armed bank robbery and armed bank robbery based on *Pinkerton* liability qualify as crimes of violence under Section 924(c)'s elements clause. Therefore, despite the Defendant's reliance on *Davis*, his conviction and consecutive mandatory

minimum sentence on Count 1 is valid under Section 924(c), and the Court will deny his Section 2255 motions.

## V. CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court will deny Defendant's motions to vacate under 28 U.S.C. § 2255. (Docs.70, 72). The Court will also decline to issue a certificate of appealability, as defendant has not "made a substantial showing of the denial of a constitutional right." 28 U.S.G. § 2253(c)(2). A separate Order follows.

*[signature]*
Robert D. Mariani
United States District Court Judge